IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NETWORK FAMILY SECURITY
CORPORATION,**

        **Plaintiff,**

  vs.                                      Civil Action 2:08-CV-297
                                              Judge Smith
                                              Magistrate Judge King

**J.T. SCHIRM FARMS, LLC,** *et al.*,

        **Defendants.**

## ORDER

This is a diversity action in which plaintiff seeks recovery for an alleged breach of a contract for the installation and monitoring of security alarms in an apartment complex. Plaintiff also asserts claims of unjust enrichment and conversion. Defendants JT Schirm Farms, LLC, K and R Schirm Farms, LLC, BF Schirm Farms, LLC, NTO Group, LLC, (collectively "the Schirm Defendants") asserted a cross-claim against defendant Schirm Farm Realty, LLC, ("SFR") for breach of contract. This matter is now before the Court on the motions of the Schirm Defendants to amend the cross-claim, Doc. No. 21, and for an extension of time to complete discovery, Doc. No. 22.

In the motion for leave to amend the cross-claim, the Schirm Defendants seek to assert claims of breach of an implied contract, *quantum meruit* and promissory estoppel. The motion for leave to amend the cross-claim is based, in least in part, on an assignment of rights and obligations from the Schirm Defendants to SFR. Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." F.R. Civ. P. 15(a)(2)(2007). In exercising its discretion in this regard, a court may consider such

factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1963).

SFR initially opposes the motion for leave to amend the cross-claim as untimely. Motions for leave to amend the pleadings were to have been filed no later than August 31, 2008. *Preliminary Pretrial Order,* Doc. No. 18. The current motion was not filed until September 29, 2008. A scheduling order may be modified "only for good cause and with the judge's consent." F.R. Civ. P. 16(b)(4). A court should permit a modification of the scheduling order only "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003). Although the moving party's diligence is the primary focus of the inquiry, the presence of absence of prejudice to the other party is also a factor to be considered. *Inge v. Rock Fin. Corp.,* 281 F.3d 613 (6th Cir. 2002). In attempting to explain the untimeliness of their motion, the Schirm Defendants state:

> [T]he deadline [for motions for leave to amend] preceded the date for mediation in this case, which was September 10, 2008. Believing that the case could be resolved by mediation, the Schirm Defendants waited to amend their cross-claim so as not to waste the parties' and the court's resources. When mediation failed, the Schirm Defendants promptly moved to amend.

*Reply in Support of Motion to Amend,* at p. 8, Doc. No. 26. Although the Schirm Defendants should have sought an extension of the Court's date for filing motions for leave to amend the pleadings, in the absence of any articulated prejudice to SFR by reason of the proposed amendment, the

Court concludes that the motion for leave to amend ought not be denied merely because it was not filed prior to August 31, 2008.

SFR next opposes the motion for leave to amend on the basis that the cross-claim as amended could not survive a motion to dismiss for failure to state a claim. SFR specifically contends that there was no assignment and that, in any event, enforcement of any unwritten assignment would violate the statute of frauds, O.R.C. §1335.05, which requires that contracts that cannot be performed within one year must be in writing.

The Court concludes that, whether or not there exists an actionable assignment is best left for resolution on the merits of the proposed amended cross-claim. Moreover, whether or not the alleged assignment falls within the ambit of the statute of frauds is a matter best left to resolution upon a more complete record.

Accordingly, the motion for leave to amend the cross-claim, Doc. No. 21, is **GRANTED.** The Clerk is **DIRECTED** to file the tendered amended cross-claim which is attached to the motion.

The Schirm Defendants and SFR filed a joint motion for an extension of time to complete discovery. Doc. No. 22. Plaintiff has no objection to the request so long as it relates only to discovery between and among the defendants and would not impact resolution of plaintiff's motion for summary judgment.

The motion for an extension of time to complete discovery, Doc. No. 22, construed as limited only to the cross-claims, is **GRANTED.** The Schirm Defendants must designate any experts in relation to their cross-claims, consistent with F.R. Civ. P. 26(a)(2), no later than February 13, 2009; designations relating to rebuttal experts must be made

by SFR no later than March 16, 2009. Motions for summary judgment relating to the cross claims may be filed no later than January 5, 2009. All non-expert discovery relating to the cross-claims must be completed by January 13, 2009, and all expert discovery relating to the cross-claims must be completed by April 15, 2009.


December 2, 2008                        *s/Norah McCann King*
                                               Norah McCann King
                                   United States Magistrate Judge