IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NETWORK FAMILY SECURITY
CORPORATION,

        Plaintiff,

    vs.                              Civil Action 2:08-CV-297
                                     Judge Smith
                                     Magistrate Judge King

J.T. SCHIRM FARMS, LLC, *et al.*,

        Defendants.

<u>OPINION AND ORDER</u>

     This matter is before the Court on plaintiff's motion for a protective order and on the motion of defendants JT Schirm Farms, LLC, K and R Farms, LLC, BF Schirm Farms, LLC and NTO Group, LLC (collectively, "the Schirm Defendants") for a status conference and for an extension of time. *Plaintiff's Motion for Protective Order*, Doc. No. 37 ("*Motion for Protective Order*") and *Defendants JT Schirm Farms, LLC, K and R Farms, LLC, BF Schirm Farms, LLC and NTO Group, LLC's Motion for Status Conference and for Extension of Time*, Doc. No. 38 ("*Schirm Defendants' Motion*").[1] The Court will address each motion in turn.

I.    **BACKGROUND**

     On January 8, 2003, plaintiff entered into an agreement ("the Agreement") with Casto Communities Construction, LLC ("Casto"), for the installation and monitoring of plaintiff's security alarms in an apartment complex in Canal Winchester, Ohio ("Schirm Farm Apartments"). *Complaint*, ¶ 4, Doc. No. 2. On March 14, 2004, Casto

---

[1]The Schirm Defendants' request for a status conference is **DENIED** because the motions can be decided on the parties' written submissions.

assigned its rights and obligations under the Agreement to the Schirm Defendants. *Id*. at ¶ 6. On approximately November 2, 2006, the Schirm Defendants closed on the sale of the Apartments to defendant Schirm Farm Realty, LLC ("SFR"). *Defendants JT Schirm Farms, LLC, K and R Farms, LLC, BF Schirm Farms, LLC and NTO Group, LLC's Amended Crossclaim Against Defendant Schirm Farms Realty, LLC*, ¶ 3, Doc. No. 3 ("*Amended Crossclaim*"). The Schirm Defendants allege that they later assigned their rights and obligations under the Agreement to SFR ("the Assignment"). *Id*. at ¶ 4. The Schirm Defendants further allege that SFR failed to make the necessary payments to plaintiff, but retains possession and use of the security alarms. *Id*. at ¶¶ 5-6.

On March 31, 2008, plaintiff filed this diversity action, asserting claims of breach of the Agreement and unjust enrichment against the Schirm Defendants. *Complaint*. Plaintiff also asserts claims of unjust enrichment and conversion against SFR, alleging that SFR possesses plaintiff's alarm monitoring equipment and has refused to return the equipment. *Id*. The Schirm Defendants assert cross-claims against SFR for breach of contract, breach of implied contract, *quantum meruit* and promissory estoppel. *Amended Crossclaim*. The Court ordered that the parties complete non-expert discovery by October 15, 2008, and file dispositive motions no later than October 6, 2008. *Preliminary Pretrial Order*, Doc. No. 18.

On December 2, 2008, the Court granted the motions of the Schirm Defendants to amend their cross-claim, Doc. No. 21, and for an extension of time to complete discovery, Doc. No. 22. *Order*, Doc. No. 29. In granting these motions, however, the Court noted that plaintiff did not object to the requested extension "so long as it

relates only to discovery between and among the defendants and would not impact resolution of plaintiff's motion for summary judgment." *Id*. at 1. Accordingly, the Court ordered that "[a]ll non-expert discovery *related to the cross-claims* must be completed by January 13, 2009[.]" *Id*. at 2 (emphasis added).

Plaintiff and SFR filed motions for summary judgment. Doc. Nos. 23 and 32. Thereafter, the Court granted the Schirm Defendants' second request to extend the deadline for responding to SFR's motion for summary judgment. *Order*, Doc. No. 34. The Schirm Defendants requested yet a third extension to respond to SFR's motion for summary judgment, representing that they had recently received SFR's responses to discovery requests and "need additional time to review the discovery responses to properly prepare their memorandum in opposition[.]" Doc. No. 35. The Court granted the request, ordering that the Schirm Defendants respond to SFR's motion for summary judgment by February 13, 2009. *Order*, Doc. No. 36.

On January 13, 2009, the Schirm Defendants served seven requests for admission on plaintiff. Exhibit 1, attached to *Motion for Protective Order*. The requests seek to confirm (1) whether plaintiff provided alarm monitoring services to the Schirm Farm Apartments in 2006, 2007 and 2008; (2) whether plaintiff currently provides alarm monitoring service to the Schirm Farm Apartments and/or has provided service since June 20, 2006; (3) whether tenants of the Schirm Farm Apartments have contacted plaintiff "to receive the benefit of alarm monitoring services since June 20, 2006; and (4) whether plaintiff has monitored some of the alarm equipment since June 20, 2006. Exhibit 1, attached to *Motion for Protective Order*.

Plaintiff's counsel advised counsel for the Schirm Defendants that the requests for admission were untimely. Exhibit 2, attached to *Motion for Protective Order*. However, plaintiff's counsel attempted to informally resolve the matter, offering to answer the requests if the Schirm Defendants agreed to be deposed. *Id.* After receiving no response to this proposal, plaintiff filed its motion. *Motion for Protective Order*, p. 3 and Exhibit, attached thereto. On February 13, 2009, the Schirm Defendants filed their motion, seeking a fourth extension of time to respond to SFR's motion for summary judgment.[2] The *Motion for Protective Order* and the *Schirm Defendants' Motion* are now ripe and ready for resolution.

## II. STANDARD

Rule 26 of the Federal Rules of Civil Procedure provides that a person resisting discovery may move the court, for good cause shown, for an order protecting the person or party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Determining the proper scope of discovery falls within the broad discretion of the trial court. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Under Rule 26, a court may limit the scope of the disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1)(D). The grant or denial of motions for protective orders falls within the "broad discretion of the district court managing the case." *Century Prod., Inc. v. Sutter*, 837 F.2d 247, 250 (6th Cir. 1988).

---

[2]Notwithstanding their request for an extension of time, the Schirm Defendants filed their memorandum in opposition to SFR's motion for summary judgment. Doc. No. 41. SFR filed its reply in support of its motion for summary judgment on February 24, 2009. Doc. No. 45.

The party seeking a protective order must certify that it "has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). *See also* S.D. Ohio Civ. R. 37.2. This prerequisite has been met in this case. See Exhibit 2, attached to *Motion for Protective Order.*

## III. DISCUSSION

As discussed *supra*, the Schirm Defendants served plaintiff with requests for admissions on January 13, 2009. Plaintiff argues that the requests are untimely because the discovery period (as to plaintiff) closed in October 2008 and that the Court's December 2, 2008, *Order* extended discovery only as to the cross-claims. *Motion for Protective Order*.

The Schirm Defendants disagree, arguing that "[d]iscovery was not limited to only the Defendants as Network has represented." *Defendants JT Schirm Farms, LLC, K and R Farms, LLC, BF Schirm Farms, LLC and NTO Group, LLC's Memoranda in Opposition to Plaintiff's Motion for Protective Order*, p. 1, Doc. No. 43 ("*Memo. Contra Motion for Protective Order*"). The Schirm Defendants contend that their requests directed to plaintiff are relevant to their *quantum meruit* cross-claim against SFR because "SFR has denied that it receives any benefit whatsoever from the Alarm System [in the Schirm Farm Apartments] even though it is an advertised amenity[.]" *Id*. at 1-2. The Schirm Defendants further argue that plaintiff "has failed to show, or even argue, how answering a mere seven admission requests would somehow be unduly burdensome or prejudicial." *Id*. at 2.

Plaintiff replies that, even assuming that the Court's December 2, 2008, *Order* extending discovery as to the cross-claims permitted discovery of plaintiff, the requests for admissions are nevertheless untimely because they were propounded on January 13, 2009, the day non-expert discovery – even as extended – was to have been completed. *Plaintiff Network Multi-Family Security Corporation's Reply in Support of Its Motion for Protective Order*, p. 2, Doc. No. 44 ("*Reply to Protective Order*").

Plaintiff's arguments are well-taken.  First, the Court's December 2, 2008, *Order* specifically limited the extension of non-expert discovery to the crossclaims and was predicated on plaintiff's position that it did not object to the extension "*so long as it relates only to discovery between and among the defendants*[.]"  *Order*, p. 3 (emphasis added).  The Court's *Order* clearly contemplated discovery only between and among the defendants, not plaintiff.  *Id.*

Second, the discovery requests served on January 13, 2009, are untimely. The December 2, 2008, *Order* extending discovery related to the crossclaims required that all such "non-expert discovery . . . . be **completed** by January 13, 2009."  *Order*, p. 4 (emphasis added). Ordinarily, a party has 30 days to respond to requests for admission. Fed. R. Civ. P. 36(a)(3).  Thus, discovery propounded on the discovery completion date cannot have been completed by that date.  *Cf. Podlesnick v. Airborne Express, Inc.*, 94 F.R.D. 288, 292 (S.D. Ohio 1982) (observing that a document request "with a twenty-eight day response time[] must be served upon the opposing party with sufficient time to allow said party to respond prior to the discovery 'cut off'

date"). Thus, the Schirm Defendants' requests for admissions were untimely even under their own interpretation of the December 2, 2008, *Order*.

Finally, the Schirm Defendants argue that, "although the Schirm Defendants timely opposed SFR's Motion for Summary Judgment, the information requested from Network is necessary to support the Schirm Defendants' equitable claims." *JT Schirm Farms, LLC, K and R Farms, LLC, BF Schirm Farms, LLC and NTO Group, LLC's Reply to Memoranda in Opposition to Motion for Status Conference*, p. 2, Doc. No. 42 ("*Schirm Defendants' Reply*"). *See also Schirm Defendants' Motion*.[3] Based on this argument, the Court construes the Schirm Defendants' motion as requesting leave to conduct additional discovery in anticipation of a supplemental response to SFR's motion for summary judgment.

Rule 56(f) of the Federal Rules of Civil Procedure establishes the proper procedure where a party concludes that additional discovery is necessary in order to respond to a motion for summary judgment:

> **When Affidavits Are Unavailable.** If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the Court may:
>
> (1) deny the motion;
>
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken or other

---

[3] The Schirm Defendants represent to the Court that they previously stated in a motion filed on February 5, 2009 that plaintiff's responses to the requests for admission "are necessary to properly prepare the Schirm Defendants' memorandum in opposition." *Schirm Defendants' Motion*, p. 2. That representation is false. The motion, which was filed on February 4, 2009, not February 5, 2009, said nothing about plaintiff's responses to the requests for admission. Doc. No. 35. Instead, the Schirm Defendants argued that additional time was needed to respond to SFR's motion for summary judgment because SFR recently responded to their discovery requests and they "need additional time to review the discovery responses [from SFR] to properly prepare their memorandum in opposition[.]" *Id.*

discovery to be undertaken; or

(3)   issue any other just order.

Fed. R. Civ. P. 56(f).  The affidavit required by the rule must "indicate to the district court [the party's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park,* 226 F.3d 483, 488 (6th Cir. 2000)(citing *Radich v. Goode,* 866 F.2d 1391, 1393-94 (3d Cir. 1989)).  A motion under Rule 56(f) may be properly denied where the requesting party "makes only general and conclusory statements regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the [document] to be discovered," *Ball v. Union Carbide Corp.,* 385 F.3d 713, 720 (6th Cir. 2004) (citing *Ironside v. Simi Valley Hosp.,* 188 F.3d 350, 354 (6th Cir. 1999)), or where the affidavit "lacks 'any details' or 'specificity.'" *Id.* (quoting *Emmons v. McLaughlin,* 874 F.2d 351, 357 (6th Cir. 1989)).

In the case *sub judice*, the Schirm Defendants do not submit an affidavit supporting their request for additional discovery.  Instead, they merely state in conclusory fashion that additional discovery from plaintiff is necessary.  As discussed *supra*, this unsupported allegation is insufficient.  *See*, *e.g.*, *Ball,* 385 F.3d at 720. Equally unpersuasive is the Schirm Defendants' suggestion that they are entitled to additional discovery because "the only discovery" sought is seven requests for admissions, which are not "unduly burdensome or prejudicial." *Schirm Defendants' Reply*, p. 2; *Memo. Contra Motion for Protective Order*, p. 2.  The requests were untimely and the Schirm Defendants have failed to offer any justification for

8

their failure to pursue the discovery in a timely fashion. Accordingly, to the extent that the Schirm Defendants premise their request for an extension of time to respond to SFR's motion for summary judgment on a claimed need for discovery from plaintiff, that request is without merit.

WHEREUPON, *Plaintiff's Motion for Protective Order*, Doc. No. 37, is **GRANTED** and *Defendants JT Schirm Farms, LLC, K and R Farms, LLC, BF Schirm Farms, LLC and NTO Group, LLC's Motion for Status Conference and for Extension of Time*, Doc. No. 38, is **DENIED**.

May 28, 2009                          _s/Norah McCann King_
                                       Norah McCann King
                                 United States Magistrate Judge